IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3526-SSA-CV-S-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Crystal Bias seeks judicial review[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on March 5, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports it.  As long as substantial evidence in the record supports the
Commissioner's decision, we may not reverse it because substantial evidence exists in
the record that would have supported a contrary outcome or because we would have
decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1982 and was 26 years of age at the time of her alleged disability onset of March 21, 2009.  Plaintiff alleges disability based on a combination of impairments, including, but not limited to the following:  bipolar disorder; depression; seizure disorder; cognitive disorder; late effective brain injury; borderline personality disorder; possible demyelinating disease, such as multiple sclerosis; diffuse pain; fibromyalgia; difficulty with balance; fatigue; hearing loss; spondylosis; scoliosis of the lumbar spine; chronic pain of bilateral hips, bilateral legs, neck, bilateral arms, and back areas; inability to stand for more than 10-15 minutes every hour because of balance problems, frequent falls; memory deficiency, including not remembering she left food on the stove for two hours and nearly burning down her home; mood swings, including angry outbursts with others; bilateral arm weakness, which causes her to drop items; inability to sit up for more than thirty minutes at a time; and needing to lay down approximately three hours every day.

2

After reviewing this case in its entirety and considering the arguments of the parties presented at oral argument, this Court finds there is substantial evidence in the record as a whole to support the decision of the administrative law judge (ALJ) that plaintiff is not disabled as defined by the Social Security Act.

Plaintiff's allegations of disability based on 25-plus impairments are not supported by the record. The record contains inherent inconsistencies based on plaintiff's own statements to her doctors, including statements that she was diagnosed with multiple sclerosis when the medical records clearly indicate that diagnosis was ruled out. Moreover, objective medical evidence does not support the degree of physical limitations plaintiff alleges, and the record shows plaintiff failed to take her medications as prescribed. Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir.1996) (failure to take prescription pain medication is inconsistent with complaints of disabling pain). This Court defers to the ALJ's determinations regarding the credibility, so long as they are supported by good reasons and substantial evidence. Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir.2008).[2]

IT IS, THEREFORE ORDERED that the decision of the Commissioner is affirmed.

Dated this 26th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.